## COTABISH v. CLEVELAND ELECTRICAL ILLUMINATING CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7550. Decided Dec. 19, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**93. APPROPRIATION—313. Corporations.**

1. Corporation, having power to appropriate property, has primary discretion in determining what land is necessary. Courts have power to prevent abuse of that discretion.

2. In exercising such discretion, company may take into consideration other than mere physical value of land sought to be appropriated.

Error to Common Pleas.
Judgment affirmed.

Kelley, David & Cottrell, Cleveland, for Cotabish.

Tolles, Hogsett & Ginn, Cleveland, for Illuminating Co.

### STATEMENT OF FACTS

This was an action brought by The Cleveland Electric Illuminating Company, against the plaintiff in error, to appropriate certain rights and easements across his parcels of land described in the petition.

The Company claimed that it was necessary to make such appropriation for the location, construction and maintenance of a certain 132 volt electric transmission line.

Plaintiff in error claimed, in the Insolvency Court, where the appropriation proceedings were brought, that it was not necessary for the Company to locate, construct and maintain its transmission line over and across the parcel of land owned by him, and that it was not necessary for said company to appropriate said parcels of land for the reason that the proposed location of the transmission line did not furnish the shortest, most economical or most convenient route for said line.

The case proceeded to trial and, after the same was submitted to the jury, a verdict was returned in favor of plaintiff in error in the sum of $2,000 to which plaintiff in error duly excepted.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.
LEVINE, J.

It is pointed out, in plaintiff's brief and argument, that the defendant in error company took the longest route for the making

of the improvement instead of a shorter route, which would have fully accomplished its purpose and would have proven less expensive to the company. In other words, reversal is sought in this case on the ground that the judgment of the Insolvency Court is manifestly against the weight of the evidence.

There is no marked difference of opinion between counsel as to the law applicable to this case. It may be taken as the established law of Ohio that the corporation, having the power to appropriate property, has primary discretion in determining what land is necessary in order to be authorized to make appropriations, but the courts have power to prevent an abuse of that discretion. See Railroad v. Railroad, 72 OS. 368; Cincinnati v. Railroad Co. 88 OS. 283.

The sole question, therefore, presented to us, is, does the record disclose an abuse by the company of its corporate power?

It seems to us that plaintiff in error loses sight of one important element, namely, that the acquisition of the necessary land for the proposed improvement by the company along the route chosen by it, was mainly accomplished by agreement with the owners, thus obviating the necessity of appropriation proceedings which are, of course, burdensome and expensive.

In exercising the sound discretion with which the corporation is by law invested, the company may take into consideration elements other than the mere physical value of the land sought to be appropriated.

It is, in our opinion, sheer speculation to say that the adoption of the shorter route would have proven less expensive. The evidence found in the record seems to indicate otherwise if we take into consideration the expense and burdens other than the mere cost of the property appropriated.

Upon a perusal of the record we are unable to say that the judgment of the Insolvency Court is manifestly against the weight of the evidence and the same will, therefore, be affirmed.

(Sullivan, PJ. and Vickery, J., concur.)