**SCOTT et, Plaintiffs-Appellees, NUSHAWG, Intervening Plaintiff-Appellant, v. FAYETTE COUNTY AGRICULTURAL SOCIETY, Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

No. 276. Decided November 19, 1955.

Hon. Carrington T. Marshall, Frederick L. Orum, Columbus, for plaintiffs-appellees.

Brownfield & Malone, Columbus, for defendant-appellant.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By CONN, J.

This appeal is on questions of law and fact from a judgment entered in the Common Pleas Court to this court for trial de novo.

It was stipulated by counsel for the parties that the case here shall be heard on the transcript of the evidence received in the Common Pleas Court, and such additional evidence as may be taken by deposition. The parties will be designated herein as in the lower court.

This cause was submitted on the amended petition of plaintiffs, the intervening petition of Herbert B. Nushawg, the answer of defendant, transcript of the docket and journal entries, transcript of the evidence and depositions and briefs of counsel.

This is an action for injunctive relief originally brought and tried in the Court of Common Pleas, to restrain the defendant from further proceeding in an action previously brought by defendant in the Common Pleas Court, cause No. 21553, to appropriate certain lands of plaintiffs, particularly described in plaintiffs' petition filed in this cause. Plaintiffs also pray for a declaratory judgment.

The amended petition of plaintiffs, as pleaded, contains twenty causes of action. Under the Code of Civil Procedure (§2309.07 **R. C.**), where a petition contains more than one cause of action, each must be separately stated and numbered.

A cause of action is properly designated as such in a pleading where the facts alleged, and if established, provide a basis for judicial relief. The fact that the relief prayed for is predicated on plural grounds, does not give rise to separate causes of action.

Where a single cause of action is split into two or more counts, there is a dearth of clarity and conciseness, which are elements of good pleading under the Code, and provides a well-designed way to confusion. Furthermore, this form of pleading tends to impose an added burden on the court in applying the evidence and adjudicating the issues, and is not in harmony with modern procedure, and is not approved.

The confusion created by the several causes of action set up in plaintiffs' amended petition, is illustrated by the form of the judgment entry in the lower court and the nature of appeal of defendant, specifically limited as an appeal from the judgment of the trial court on allegations in the 8th and 18th causes of action; likewise by the cross appeal of plaintiffs from the adverse judgment of the Court of Common Pleas on the 1st to the 17th causes of action, excepting the 8th.

In our opinion, the appeal of defendant, not being challenged, brings up the whole case to this court for trial de novo, and that the specific limitation in the notice of appeal of defendant, and the cross appeal filed by plaintiffs, as to certain "causes of action," effect no limitation as to the jurisdiction of this court to conduct a trial de novo.

We call attention to the provisions in §2505.21 **R. C.**:

"An appeal taken on questions of law and fact entitled the party to a hearing and determination of the facts de novo, which shall be upon the same or amended pleadings."

An analysis of plaintiff's amended petition discloses that it contains but two causes of action, one for injunctive relief and the other, for a declaratory judgment, and sua sponte shall be so considered.

The material allegations in the amended petition, which provides a basis for relief, as prayed for, are as follows:

That on February 13, 1953, the defendant filed its petition in the Court of Common Pleas, cause No. 21553, to appropriate certain lands of plaintiffs, situated in Fayette County, consisting of two parcels, described by metes and bounds, one parcel containing 47.033 acres and the other containing two-tenths of an acre; that said parcels are not correctly described in said application of defendant; that no bona fide effort was made to agree with the owner of said first parcel upon a price for or the right to use the second parcel, for an agricultural fair; that in said

appropriation proceedings one, Wilson, is made a party and claims some interest, but has no interest in said real estate.

Plaintiffs further aver that a large portion of the premises to be appropriated is not intended to be used for an agriculture fair; that large portions of said lands have been used for purposes other than an agriculture fair and if said lands should be appropriated, defendants intend to use same for private uses; that defendants intend to acquire said lands for resale at a profit; that for many years defendants have used said premises for many purposes other than holding an agriculture fair.— such as stock sales, horse shows and sales,—said uses were not being public uses but for the purpose of making profit.

Plaintiffs further say that defendant is a private corporation for profit and does not have the power nor right to own real estate; that under the statutes of Ohio, the defendant can acquire lands for the sole purpose of holding an agriculture fair; that the use of land for an agriculture fair is not a public use as contemplated in Sec. 19 of the Ohio Bill of Rights and the 5th amendment of the Constitution of the United States; that therefore the statute attemping to confer the power of eminent domain is unconstitutional and void.

It is further alleged that defendants are already in possession of real estate, excepting a small parcel along Fairview Avenue, by reason of a lease from the county commissioners that county commissioners are obligated by said lease until January 1, 1971, and said property is used for purposes intended; that defendant does not have available resources for paying the reasonable value of said property; that defendant has permitted pari-mutuel gambling on said premises; that there is a defect of parties and that defendant will seek to appropriate said lands unless restrained by this court; and that plaintiffs have no adequate remedy at law. Plaintiffs pray that defendant be enjoined from proceeding further to procure said lands.

Plaintiffs further allege that defendant has held a leasehold interest in said premises beginning August 25, 1885; that under the terms of certain leases, defendant had the right to remove the buildings and improvements thereon within a given time; that defendant did not remove any of said buildings or improvements at any time prior to May 1, 1950; that the right to remove them ceased on said date; that notwithstanding the provisions in each of said leases, defendant claims ownership of all buildings and improvements on said premises and prays for a declaratory judgment in event the prayer for injunction is denied.

For answer to the amended petition, defendant admits the filing of said appropriation proceedings; that it has permitted stock sales, horse shows and horse sales on said premises; that it held fairs for the years 1951, 1952 and 1953 on a portion of said lands under lease from the county commissioners; that it has permitted pari-mutuel wagering pursuant to the statutes of Ohio; that plaintiffs gave a lease to the county commissioners from January 1, 1951 to January 1, 1971; and that defendant is a body corporate and politic under the laws of Ohio. Defendant denies generally each and all allegations in the amended petition not herein admitted, and prays that the amended petition be dismissed.

In the intervening petition of Herbert B. Nushawg it is alleged that said petitioner on February 5, 1953, acquired by warranty deed from plaintiffs the land described in parcel 2 of the amended petition; that prior to February 13, 1953, he entered into a contract with plaintiffs to purchase an additional parcel facing U. S. Highway No. 22; that no effort has been made by defendants to agree on a price for said property; and that the land owned by him is not intended to be used by defendants for holding an agriculture fair. Said petitioner prays defendant be enjoined from proceeding further to appropriate his lands.

Defendant admits the execution and delivery of said warranty deed and denies generally all allegations not admitted.

Plaintiffs have the burden of establishing the allegations of their amended petition which are essential as grounds for injunctive relief.

The rule is stated concisely in **21 O. Jur., 1277, Sec. 202,** which we quote in part:

"The burden is upon one who seeks to enjoin the action of a public board in the exercise of its discretion, to show with that clearness which is always necessary to move a court of equity to interfere, a state of facts which would constitute an abuse of discretion."

The weight and sufficiency of evidence necessary to support a prayer for injunction is expressed in such terms as "clear," "clear and convincing" or "satisfactory."

**21 O. Jur., 1280, Sec. 204;** See **Wen v. Board of Trustees, etc., 21 Oh Ap 367; White v. City of Columbus, 27 Abs 489.**

Briefly stated, plaintiffs must sustain the several fact issues raised on the amended petition, intervening petition and answers, by clear and convincing evidence.

The action to appropriate the lands described in plaintiffs' amended petition was begun by defendant pursuant to the provisions of §9885-1 GC (now §1711.14 R. C.) which are as follows:

"Appropriation of land for agricultural fair purposes; procedure. When it is necessary in the opinion of any county agricultural society to procure or enlarge any site for the purpose of holding an agricultural fair, and the agricultural society and the owner of the property needed for such purposes, are unable to agree upon the sale and purchase thereof, the agricultural society shall make an accurate plat and description of the parcel of land which it desires for such purposes, and file them with the probate judge, or with the court of common pleas in the county in which the land sought to be taken is located. Thereupon the same proceedings of appropriations shall be had which are provided for the appropriation of private property by municipal corporations in §3681 to §3697, both inclusive, GC."

This court held, on the first appeal of this case, **96 Oh Ap 6,** that said §9885-1 and §§3681 to 3697 GC, are in pari materia. These latter sections are found in Chapter 1 of the General Code, "Appropriation of Property" by municipal corporaions.

It was held on this first appeal that the Agricultural Fair Society, defendant herein, had complied with the requirements of the above statutes with respect to notice and the correct description of the property and plat of said lands, filed simultaneously therewith.

Plaintiffs claim again on this appeal that the statutes with respect to the description of the property and the plat were not complied with. This contention is without merit. It was made on the previous appeal to this court and not sustained. That judgment has become final, as no appeal was taken.

The evidence received on the claims of plaintiffs that no bona fide effort was made by defendant to agree with the owners upon a price for said parcels of land does not sustain plaintiffs' claim. It appears that the parties authorized their respective counsel to negotiate for the sale and purchase of said lands and that these negotiations were carried on for approximately one year, during which time plaintiffs put a price on said lands and defendants made a counter offer. The parties not being able to agree, defendant notified plaintiffs that an application to appropriate the lands would presently be filed. Then, within a few days before said application was filed, plaintiffs conveyed parcel two by warranty deed to the intervening petitioner, and conditionally agreed to convey a second parcel, although intervening petitioner knew of the negotiations between the parties and knew that defendant intended to commence appropriation proceedings.

The situation thus presented subjects plaintiffs to the equitable doctrine that he who seeks equity must do equity. The advantage sought by plaintiffs in these doubtful transactions has no standing in a court of equity.

Respecting the same claim made by the intervening petitioner it is apparent that his rights can rise no higher than plaintiffs' under the facts and circumstances disclosed by the record. In our opinion, the defendant was not required to conduct further negotiations as a condition precedent to filing its application for appropriation of said property.

Further fact issues were raised that certain portions of said described property are not necessary for purpose of agriculture fair and defendants did not intend to use them for that purpose, and had no right to appropriate same; that defendant had used said premises for many purposes other than holding an agriculture fair; that the use of said property by defendant was not a public use; that defendant was a private corporation and had no right to appropriate said lands; and that defendant did not have available resources for the payment of the reasonable value of said premises.

On these issues, the president and secretary of defendant, and other witnesses, were called to testify. The president testified very fully, among other things, as to the need and use of all the lands described in plaintiffs' amended petition for the purposes of defendant, including land for improvements, parking, etc., and to meet generally the public use of all the lands sought to be appropriated, together with all the numerous public activities of defendant, culminating in the annual fair.

The evidence adduced shows that defendant has held annual fairs for many years in Fayette County; that in addition to holding fairs, the lands sought to be appropriated are needed for many public activities of defendant, including programs for 4-H Clubs for boys and girls;

Junior and Senior department FHA and FFA; Exhibits sponsored by Garden Clubs; Health Groups, Farm Bureau; Grange and State Highway Department; also exhibits of livestock, grain, fruit, sewing, canning, cooking and other public uses.

Said officers were also examined fully as to ways and means defendant has to provide funds with which to pay for the reasonable value of said premises. No testimony was offered tending to show that defendant would be unable to pay the amount of the assessed valuation. Said witnesses were not impeached and little or no evidence was offered, of an affirmative character, which was materially conflicting or which tended to show a want of good faith in seeking to appropriate the lands of plaintiffs for the public uses of an agriculture fair grounds for Fayette County.

Moreover, there was no showing that the defendant has acted arbitrarily or had been guilty of an abuse of discretion in determining what amount of property is reasonably required for its public use and purposes or in the management of its property in relation to the general public, or in the use it has made or intends to make of the property it seeks to appropriate for the uses and purposes of the defendant as an agriculture fair society.

There being no showing of bad faith or abuse of discretion on the part of the defendant in making application to appropriate plaintiffs' property for public use, the rule announced by this court in **Shepard Paint Co. v. Board of Trustees, etc., 88 Oh Ap 319,** has application here. We quote:

"4. The necessity for and extent of property to be taken by eminent domain are questions for legislative determination, and, in the absence of fraud, bad faith or abuse of discretion, such determination will not be disturbed by the courts."

See **Geisey v. Cincinnati, 4 Oh St 308.**

On the cause of action for a declaratory judgment on the issue of ownership of the buildings and improvements on said property, and the right to remove same, under the terms of the several leases, the first lease of defendant, bearing date August 25, 1885, there is a great dearth of evidence in the record in support of the prayer for a declaratory judgment.

On the state of the record, we conclude that the prayer for declaratory judgment may not be granted.

In conclusion, there should be a finding and judgment for defendant, as it appears on the whole record that the several steps taken by defendant to appropriate the property of plaintiffs for the public uses of an agriculture fair society, have been pursuant to the statutes made and provided in such cases and further that plaintiffs have an adequate remedy at law.

The petition of plaintiff and the intervening petition of Herbert B. Nushawg are each dismissed at costs of plaintiff, and cause remanded to the Court of Common Pleas for execution for costs.

MILLER, PJ, HORNBECK, J, concur.