**OHIO EDISON COMPANY, Plaintiff-Appellee, v. GANTZ et, Defendants-Appellants.**

Ohio Appeals, Second District, Clark County.

No. 554. Decided August 6, 1958.

Durfey, Martin, Browne & Hull, Springfield, for plaintiff-appellee.
George B. Raup, Cole & Cole, Springfield, for defendants-appellants.

## OPINION

By THE COURT:

Submitted on motion of appellants for rehearing of our denial of their motion for stay of execution.

The rationale of the motion is that there is no obligation on appellee to immediately construct its line across the property of appellants, and therefore, we should exercise our discretion to grant the stay of execution.

We have examined the briefs of the parties and note that counsel are agreeable to another oral presentation of the motion for a stay of execution of judgment. We believe that we fully appreciate the respective contentions and are of opinion that oral presentation will not be helpful to use in deciding the application for rehearing.

In view of the statute, §2709.28 R. C., specific legislation, applying only to appropriation proceedings, we are in doubt if we have the right to stay execution of the order to which the appeal is noted.

If it be conceded that we have such right, we are not satisfied, if appellee should proceed with the installation of its line, that appellants, if eventually they sustain their contentions on the appeal, may not be reimbursed for damages sustained in an amount which will enable them to restore their real property in substantially the same condition as before the appeal.

Under all the facts appearing, we do not find sufficient reason to sustain the application for rehearing. It will be overruled.

HORNBECK, PJ, WISEMAN and CRAWFORD, JJ, concur.

**OHIO EDISON COMPANY, Plaintiff-Appellee, v. GANTZ et, Defendants-Appellants.**

No. 555. Decided October 22, 1958.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment rendered in favor of the plaintiff-appellee by the Common Pleas Court of Clark County.

This is an appropriation action in which the plaintiff, The Ohio Edison Company, seeks to appropriate an easement 50 feet in width across the land of defendants-appellants for the purpose of constructing an electric transmission line.

The defendants frankly state that they are not interested in the amount of damages awarded for the easement but desire to prevent the plaintiff from appropriating the easement. Consequently, no question is raised relating to the jury trial. The assignments of error relate solely to the preliminary hearing and the finding of the court that a necessity for the appropriation exists.

Appellants assign as error: (1) Failing to dismiss the action on the ground that the Springfield Conservancy District was not made a party defendant; (2) failing to dismiss the action on the ground that plaintiff failed to establish that it was unable to agree with the owners as to compensation to be paid for the easement; (3) that plaintiff failed to establish the necessity for the appropriation; (4) that the record discloses that the appropriation sought is excessive; (5) overruling a motion to vacate trial assignment of this cause, pending the first appeal to this Court; (6) and overruling a motion for new trial. We consider the errors assigned in numerical order.

1. Sec. 2709.06 R. C., provides that the petition in an appropriation proceeding shall contain "The names of all persons having or claiming an interest, legal or equitable, in the property, * * *." The former engineer of the Springfield Conservancy District testified that it neither

had nor claimed an interest in said property. This issue was properly resolved in favor of the plaintiff.

2. There is sufficient evidence from which the court could conclude that the parties were unable to agree as to the amount of compensation to be paid. Moreover, the defendants have, from the very beginning, opposed the appropriation. We fail to see how the parties could have agreed on the compensation in light of the attitude of the defendants. The law does not require the doing of a vain thing.

3. The "necessity" which plaintiff was required to prove is a "reasonable necessity" rather than an "absolute necessity." **Giesy v. Cincinnati, Wilmington & Zanesville, R. R. Co., 4 Oh St 308, 327;** Vol. 19, O. Jur. 2d, Sec. 213, page 636 (cases cited); Jahr, Law of Eminent Domain, Section 31, page 50.

Where two routes are possible, it is discretionary with the appropriating agency to select the route it will follow. Cleveland and P. R. Co., v. East Liverpool, 51 Bull., 599; **Cotabish v. Cleveland Electric Illuminating Co., 28 Oh Ap 198, 162 N. E., 457.** The defendants contend that a longer and more expensive route for the transmission line is feasible. In Jahr, Law of Eminent Domain, at page 51, the text is as follows:

"The landowner's objection that some other site would serve just as well is not sustained by the courts for the reason that every other property owner could make the same objection, and if such objection had merit, then the project could never be built and the effect of the statute would become nugatory."

In Vol. 18, Am. Jur., Sec. 108, page 735, is found this statement:

"A broad discretion is necessarily vested in those to whom the power of eminent domain is delegated, in determining what property is necessary for the public purpose, with respect to the particular route, line, or location of the proposed work or improvement; and the general rule is that the courts will not disturb their action in the absence of fraud, bad faith, or gross abuse of discretion. The landowner may not object merely because some other location might have been made or some other property obtained which would have been suitable for the purpose."

**Shepard Paint Co. v. Board of Trustees of the Franklin County Veterans' Memorial, 88 Oh Ap 319** (Second District Court of Appeals), 100 N. E. (2d), 248 (appeal dismissed by the Supreme Court, 153 Oh St 591, 92 N. E. [2d], 814). The fourth paragraph of the syllabus is as follows:

"The necessity for and extent of property to be taken by eminent domain are questions for legislative determination, and, in the absence of fraud, bad faith or abuse of discretion, such determination will not be disturbed by the courts."

In **Scott v. Fayette County Agricultural Society, 72 Abs 564, 136 N. E. (2d), 85,** the Second District Court of Appeals approved and followed the rule stated in the Giesy and Shepard cases, supra.

In the instant case there is no evidence of fraud, bad faith or a gross abuse of discretion in the plaintiff's choice of a route. There is ample evidence supporting the finding of necessity.

4. The evidence does not sufficiently support the defendants' contentions that the easement was wider than necessary, and therefore excessive. The easement appropriated was 50 feet wide, which, as shown by the evidence, was the minimum width for an easement of this character.

5. The defendants' contention that the trial court erred in overruling the motion to vacate the trial assignment is without merit. An appeal was taken from the order of the court respecting the matters presented on the preliminary hearing. While the appeal was pending in this Court, the matter was set for trial before a jury for the purpose of awarding damages. No supersedeas bond was given, and, consequently, the appeal did not operate to stay proceedings in the trial court. Moreover, the appeal was dismissed by this Court as being premature.

6. The defendants contend that the court should have sustained their motion for a new trial because of the claimed errors heretofore discussed. The court having resolved all of these matters in favor of the plaintiff, the motion for new trial was properly overruled.

We find no assignment of error supported by the record or prejudicial to the rights of the defendants.

We find reasonable ground for the appeal.

Judgment affirmed.

HORNBECK, PJ, WISEMAN and CRAWFORD, JJ, concur.